IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**GEORGE F. BROWN**                                                     **PLAINTIFF**

v.                         Case No.: 4:09-cv-4008

**SHERIFF STOVALL** *et al.*                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

George F. Brown, an inmate in the Miller County Correctional Facility, in Texarkana, Arkansas, at the time he initiated this case, filed this civil rights action under 42 U.S.C. § 1983. Mr. Brown currently resides in Port Arthur, Texas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, referred this case the undersigned for the purpose of making a report and recommendation.

Now before this Court are the Motion for Summary Judgment filed by Defendant Stringfellow (doc. 42) and the Motion for Summary Judgment filed by Defendants Neff, Owens, Rambo, Stoval and Thomas. (Doc. 45). The Court has also considered the Response filed by the Plaintiff, through a questionnaire submitted to him by the Court (doc. 49), and the Reply to Plaintiff's Response (doc. 50), filed by Defendant Stringfellow.

### I. Background

As this case is before the Court on Defendants' Motions for Summary Judgment, the Court will recite the facts pled by the non-moving party, the Plaintiff. Plaintiff has brought this action against the Defendants in their official capacities only. (Doc. 49, ¶ 1).

Plaintiff alleges he was denied access to the law library by Defendants Neff, Rambo, and Stovall. *Id.* Plaintiff further alleges Defendants Owens and Thomas failed to insure proper medical

and mental health treatment and provided inconsistent medication. *Id.*

On August 14, 2008, Plaintiff entered into the custody of the Miller County Sheriff. *Id.* at ¶ 2. On August 20, 2008, the jail doctor, Defendant Dr. Stringfellow, prescribed the following medications for Plaintiff: Aspirin 81 mg ("baby aspirin"), Citalopram 20 mg (Celexa, for depression), Atenolol 25 mg bid (blood pressure medicine), Lovastatin 10 mg (Lipitor, for high cholesterol), Ranitidine 150 mg bid (Zantac, for acid reflux), and HM Allergy 4mg (Chlor-Trimetron). *Id.* at ¶ 3.

Plaintiff first reported his chronic pain from an infection in his jaw, sinus, and gums at the time of intake into Miller County, August 14, 2008. (Doc. 49 at ¶ 4). The medication MAR from Jefferson County, Texas, reflected all medications. *Id.* Plaintiff also, at the time of intake, complained of back pain, but was not seen until after several written requests. *Id.* at ¶ 5.

Plaintiff received Penicillin on December 26 and December 31 due to complaints of a gum infection. *Id.* at ¶ 6. Plaintiff was dispensed Clindamycin on December 31 due to complaints of a dental infection. *Id.* at ¶ 7. Plaintiff's dental problem was never addressed by Miller County, but once Plaintiff was placed in the Arkansas Department of Correction his tooth was extracted and the root problem was resolved; however, he suffered pain from the infection for six months while in Miller County. (Doc. 49 at ¶ 8).

Dr. Stringfellow never saw or examined Plaintiff, but based his actions strictly on the information provided by Defendants Owens and Thomas. *Id.* at ¶ 11. Dr. Stringfellow denied Plaintiff "access to mental health" when Plaintiff felt suicidal, and paranoid from anxiety and threats of his living conditions. *Id.* at ¶ 12. Plaintiff had no serious medical condition. *Id.* at ¶ 13. However, he was left for days without medication to treat his conditions. *Id.*

On October 1, 2008, Plaintiff submitted medical requests stating he had been treated for a gum infection the previous month, but the infection had returned. (Doc. 49 at ¶ 15). Plaintiff had

not been treated the previous month, but was treated in Texas at the Jefferson County Correctional Facility. *Id.* Plaintiff first complained of this condition when he departed Texas. *Id.* at ¶ 16.

Plaintiff states he was seen medically at some point before November 5, 2008, when medication was set to begin. *Id.* at ¶ 17. Plaintiff did not receive medication until November 10, and then also received medication on November 13, 14, and 17. *Id.* Plaintiff initials were placed by some other person or improperly placed by himself on the medication logs, reflecting medications he was not given as prescribed. (Doc. 49 at ¶ 17). Plaintiff was given medications at six o'clock in the evening the majority of the fourteen day period during which medication for his gum infection was prescribed, as indicated by Plaintiff's "proper" initials, with the exception of November 6, 2008. *Id.*

Plaintiff placed a sick call request on November 24, 2008, and was seen on November 25th. *Id.* at ¶ 18. The Nurse noted he was to see the doctor, but Plaintiff never saw the doctor. *Id.* Plaintiff suffered injuries in the form of unnecessary pain and suffering, increased stress and anxiety due to no assurance he would ever receive medical relief. *Id.* at ¶ 19.

Plaintiff claims he was denied access to the law library prior to his parole hearing and after this hearing. (Doc. 49 at ¶ 14). Due to not being properly prepared for this hearing, and by Defendants not giving him the Parole Office address, his hearing was delayed. *Id.* The parole board was unaware Plaintiff was still held in Miller County, and had not started his hearing process, extending his time so that he served fifty weeks of a twenty-six week parole violation. *Id.*

Plaintiff requested law library access to find case information regarding appeals to the court for parole violations, and contact information for the Arkansas Parole Office in Texarkana and in Little Rock, Arkansas. *Id.* Moreover, Plaintiff needed a listing of attorneys who could offer advice regarding his case and how to present his facts to the parole board. *Id.* Plaintiff was not represented by counsel at this time. (Doc. 49 at ¶ 14).

Plaintiff also states he suffered unconstitutional conditions of confinement due to filthy floors, a lack of toilet paper, and being forced to sleep on the floor due to overcrowding. *Id.* at ¶ 19. Due to the lack of toilet paper, Plaintiff alleges he was forced to defecate in the shower so he could wash himself off and wash the waste down the shower drain. *Id.* at ¶ 20. Plaintiff states he risked bodily harm if caught by another inmate. *Id.* Plaintiff also requested toilet paper from the officer on duty and filed grievances with the Sergeants on the matter, with the last grievance filed on February 2, 2009. *Id.* at ¶ 22.

Regarding the cleanliness issue with respect to the floor, Plaintiff stated he filed grievances requesting cleaning supplies, but did not record the date of the grievance. (Doc. 49 at ¶ 21). Plaintiff also verbally requested cleaning supplies from "every officer" on the morning shift, and then by grievance when the verbal request was met with no response. *Id.*

Plaintiff also alleges that an officer named Collens, who is not a party to this case, made a sexually threatening statement to him in January of 2009. *Id.* at ¶ 23. Specifically, Plaintiff alleges Collens stated he was "going to f*** me and cause me bod[i]ly harm." *Id.* Plaintiff also states he spoke with Sgt. Baily, also a non-party about the comments, but his grievance received no response. *Id.* Plaintiff alleges threats are a common practice by the officers of Miller County, but the threat by Collens was not carried out in any manner. (Doc. 49 at ¶ 23).

Plaintiff further states he was told Miller County had a grievance policy, but a copy of the policy was denied to him; but the practice was to not return any grievances from inmates, or to take the grievances and dispose of them so there would be "no record." *Id.* at pg. 11. Officers were also instructed not to sign any grievances. *Id.*

## II.  Applicable Law

Summary judgment is proper if there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. Discussion

#### 1. Medical Care

Plaintiff has sued Defendants in their official capacities. Plaintiff's official capacity claims are tantamount to suing Miller County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels ." *Monell*, 436 U.S. at 690-91. In his Response to the Motion for Summary Judgment (doc. 49), Plaintiff states there was a custom or policy leading to denial of medical care due to "failure to insure proper medical and mental health treatment by refusal to provide consistent healthcare" and "inconsist[e]nt

medication when prescribed." (Doc. 49 at ¶ 1).

Plaintiff has failed to state a custom or policy of denial of medical treatment in support of his claims. Other than his bare allegations, Plaintiff has presented no evidence of a custom or policy of Miller County regarding "failure to insure proper medical and mental health treatment by refusal to provide consistent healthcare" and "inconsist[e]nt medication when prescribed."

Plaintiff has offered no evidence of any custom or policy of Miller County which caused the alleged constitutional wrongs. Plaintiff has not alleged that Defendants caused his injury as a result of their own "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Likewise, Plaintiff has not alleged that Defendants had a "custom" of acting deliberately indifferent to "a continuing, widespread, persistent pattern of constitutional misconduct by [its] employees." *Id.* Plaintiff merely challenges the sufficiency of treatment he received as a result of a medical problem that he alone experienced. All of the specific allegations made by Plaintiff involve isolated actions by individual actors, and none of the allegations in Plaintiff's complaint allege that he was injured as a result of any policy or custom promulgated by Defendants. Because Plaintiff has not shown any causal relationship between Defendants' policy or custom and his alleged harm, Summary Judgment should be granted in favor of the Defendants on Plaintiff's claim of denial of adequate medical care..

Even if Plaintiff had brought this action against defendants in their individual capacities, his claims would be subject to dismissal. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U .S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106.

In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Here, Plaintiff has stated his medical need was not a "serious", and therefore has not alleged deliberate indifference. (Doc. 49, ¶ 13).

### 2. Grievances and Law Library Access

Plaintiff appears to allege there was a custom or policy in Miller County of not responding to inmate grievances, however, even if such a policy was in place, it does not rise to the level of a constitutional claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(holding inmate failed to state a claim regarding the failure to process grievances because this procedure confers no substantive right upon inmates). Likewise, to the extent Plaintiff is asserting there is policy to deny access to the Courts because he had no law library access, this allegation also fails to state a claim. Availability of law libraries is only one of the many constitutionally acceptable methods of assuring meaningful access to the courts. *See, e.g., Gates v. Holladay*, 2009 WL 1544376, *3 (E.D. Ark. 2009). Therefore, even if Miller County's policy is not to maintain a library for inmates, such a policy, in itself, does not establish that Plaintiff's access to the courts was denied.

### 3. Punitive Damages

Plaintiff also seeks for relief solely in the form of compensatory and punitive damages from the Defendants. (Doc. 1, ¶ V). The law is well established that a civil litigant cannot obtain punitive damages on a claim brought against Defendants in their official capacities. *See, e.g., Harvey v. City of Rayne*, No. 08-0699, 2008 WL 5061805, at *1 (W.D. La. Nov. 25, 2008) ("Plaintiff is barred from

recovering punitive damages against an official acting in his official capacity"). Accordingly, Plaintiff's claims against the Defendants for punitive damages in their official capacities fail as a matter of law.

### 4. Threats

Plaintiff has alleged he was threatened by an officer named Collens with bodily harm. Plaintiff indicates the threat was not carried out in any way, but that it was common practice for threats to be used by the officers in Miller County. Even if such a policy was in existence, verbal threats and name calling usually are not actionable under Section 1983. *Martin v. Sargent*, 780 F.2d 1334, 1338, 1339 (8th Cir. 1985). Plaintiff does not indicate anything occurred beyond the mere words of Collens' threat, specifically stating the threat was not carried out in any manner. As a matter of law Plaintiff's claims regarding threats by Collens or threats as a practice by officers in the Miller County Jail must fail. *Compare Burton v. Livingston*, 791 F.2d 97, 99, 100-01 (8th Cir. 1986) (finding an actionable a threat where guard brandished weapon at prisoner and terrorized him with specific threats of death, such as encouraging the prisoner to run so the guard would have provocation to shoot the prisoner).

### 5. Unconstitutional Conditions of Confinement

Plaintiff has alleged he was subjected to unconstitutional conditions of confinement when he was denied toilet paper for several days, was subjected to filthy floors, and had to sleep on the floor due to overcrowding. Plaintiff has alleged no custom, policy, procedure, or practice regarding these claims, and he has provided no evidence of any custom, policy, procedure, or practice. Therefore, as official capacity claims, his unconstitutional condition of confinement claims fail. *See* section III 1, *supra*.

Additionally, even if Plaintiff was bringing individual capacity claims, his claims would fail. "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure

of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities.

To state an Eighth Amendment claim the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise." *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994)(*quoting*, *Wilson v. Sieter*, 501 U.S. 294 (1991)).

"[E]xtreme deprivations are required to make out a conditions-of-confinement claims. [O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 112 S.Ct. at 1000; *Myers v. Hundley* 101 F.3d 542, 544 (8th Cir. 1996); *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Regarding his denial of toilet paper claims, at most, Plaintiff has alleged he was without toilet paper for three days. His allegations are clearly insufficient. *Dye v. Lomen*, 40 Fed. Appx. 993 (7th Cir. 2002) (prison officials' failure to provide prisoner with toilet paper for several days did not constitute cruel and unusual punishment in violation of prisoner's Eighth Amendment rights); *Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (lack of toilet paper for five days not cruel and unusual punishment).

Regarding his claims of filthy floors, Plaintiff has not indicated how long he was subjected to the dirty floors, or in what manner the floors were dirty. Similarly, Plaintiff does not indicate how long he slept on the floor. Furthermore, Plaintiff does not allege that he suffered any harm as a result

of being subjected to the allegedly inhumane conditions. *See* 42 U.S.C. § 1997e(e) (providing that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (dismissing a § 1983 claim for damages where the prisoner failed to allege that he suffered any physical injuries as a result of being exposed to raw sewage seeping from an overflowing toilet). Accordingly, the undersigned concludes that he has failed to state a viable inhumane conditions of confinement claim as a matter of law.

### IV.     Conclusion

Accordingly, it is the Report and Recommendation of the undersigned that the Motions for Summary Judgment (docs. 42 and 45) be **GRANTED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of August 2010.**

/s/  Barry A.  Bryant
HON.  BARRY A.  BRYANT
U.S.  MAGISTRATE JUDGE